**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ROBERT SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-CV-01389-SPM |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This is an action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final decision of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security (the "Commissioner") denying the application of Plaintiff Robert Smith ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* (the "Act"). The parties consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 9). Because I find the ALJ erred in not conducting a proper analysis of the medical opinion evidence, I will reverse the Commissioner's denial of Plaintiff's application and remand the case for further proceedings.

    **I.    FACTUAL BACKGROUND**

At the hearing before the ALJ, held by telephone on September 21, 2020, Plaintiff testified that he has worked in the past as a bricklayer and general laborer, but that he has not worked since March 2018 due to ongoing issues including rheumatoid arthritis that affects his hip, feet, back,

and hands; swelling in his hands, feet, and knee; numbness and tingling in his feet and hands; and fatigue. He gets uncomfortable sitting and needs to move after sitting for about thirty minutes, and he can walk only about fifty feet before he needs to rest. (Tr. 36-61). The record shows that Plaintiff has sought frequent treatment for pain and swelling in his back, hands, wrist, knees, and feet, and has received treatments including narcotic pain medications, injections, and a total right knee arthroplasty. The record also contains opinion evidence from two sources. Dr. Sandra Hoffmann, Plaintiff's treating physician, opined that Plaintiff had severe limitations in several areas of work-related functioning: she stated, *inter alia*, that Plaintiff could sit 30 minutes at a time and less than two hours in an eight-hour workday; could not use his hands, fingers, or arms for repetitive activities at all; and would be absent more than four days per month due to his impairments or treatment. (Tr. 940-43). Dr. Judee Bland, a state agency reviewing physician, opined that Plaintiff was capable of performing sedentary work with some additional restrictions. (Tr. 77-78).

With regard to the medical and vocational records, the Court accepts the facts as set forth in the parties' respective statements of fact and responses.

**II.   PROCEDURAL BACKGROUND**

On June 24, 2019, Plaintiff applied for DIB and SSI. (Tr. 156-73). His applications were initially denied. (Tr. 88-97). Plaintiff filed a Request for Hearing by Administrative Law Judge (ALJ) (Tr. 88-97). The ALJ held a hearing on September 21, 2020. (Tr. 34-69). On October 23, 2020, the ALJ issued an unfavorable decision. (Tr. 15-33). Plaintiff filed a Request for Review of Hearing Decision with the Social Security Administration's Appeals Council (Tr. 149-52), and on September 24, 2021, the Appeals Council declined to review the case. (Tr. 1-6). The decision of the ALJ stands as the final decision of the Commissioner of the Social Security Administration.

### III. STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

To be eligible for benefits under the Social Security Act, a claimant must prove he or she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). Under the Social Security Act, a person is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). *Accord Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The impairment must be "of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he [or she] lives, or whether a specific job vacancy exists for him [or her], or whether he [or she] would be hired if he [or she] applied for work." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process). At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i); *McCoy*, 648 F.3d at 611. At Step Two, the Commissioner determines whether the claimant has "a severe medically determinable physical or mental impairment that meets the [twelve-month duration requirement in § 404.1509 or § 416.909], or a combination of impairments that is severe and meets the duration requirement"; if the claimant does not have a severe impairment, the claimant is not disabled. 20

C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(ii); *McCoy*, 648 F.3d at 611. To be severe, an impairment must "significantly limit[] [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *McCoy*, 648 F.3d at 611. If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the Commissioner assesses the claimant's residual functional capacity ("RFC"), 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), which is "the most [a claimant] can still do despite [his or her] limitations," 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). *See also Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). At Step Four, the Commissioner determines whether the claimant can return to his or her past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his or her past relevant work, the claimant is not disabled; if the claimant cannot, the analysis proceeds to the next step. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c)(2), 416.920(a)(4)(v), 416.920(g), 416.1560(c)(2); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he or she is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2).

### IV.  THE ALJ'S DECISION

Applying the foregoing five-step analysis, the ALJ here found that Plaintiff had not engaged in substantial gainful activity since March 13, 2019, the alleged onset date; that Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine, status-post lumbar compression fracture and kyphoplasty, osteoarthritis of the right knee, status-post total right knee arthroplasty (knee joint replacement), rheumatoid arthritis, obesity, and chronic pain syndrome; and that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 21). The ALJ found that Plaintiff had the following RFC:

> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he should never be required to climb a ladder, rope or scaffold. He should never be required to crawl. He should never be required to balance as that term is defined in the Dictionary of Occupational titles (DOT). He can occasionally climb ramps and stairs, stoop, kneel and crouch. He is limited to frequent handling and fingering bilaterally. He must avoid hazards, such as unprotected heights and exposure to dangerous machinery. He can tolerate no more than occasional exposure to extreme cold and vibration. In addition, he requires a sit-stand option, allowing him to alternate between sitting and standing, with standing for five minutes for every hour seated while remaining on task.

(Tr. 20-21). At Step Four, the ALJ found that Plaintiff was unable to perform any of his past relevant work. (Tr. 26). At Step Five, relying on the testimony of a vocational expert, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff

5

can perform. (Tr. 27). Accordingly, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, from March 13, 2019, through the date of the ALJ's decision (Tr. 28).

V.     STANDARD FOR JUDICIAL REVIEW

The decision of the Commissioner must be affirmed if it "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009) (quoting *Ford v. Astrue*, 58 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. §§ 405(g); 1383(c)(3). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942 (quotation marks omitted). *See also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consolidated Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two

inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

## VI. DISCUSSION

Plaintiff challenges the ALJ's decision on several grounds, arguing that the RFC is not supported by substantial evidence, that the ALJ did not properly consider the opinion evidence in the record, and that the ALJ did not properly evaluate Plaintiff's subjective complaints of pain.

The Court first considers Plaintiff's argument that the ALJ did not properly consider the opinions of Dr. Sandra Hoffmann and Dr. Judee Bland. Under the rules applicable to Plaintiff's claim,[1] the ALJ must evaluate the persuasiveness of medical opinions in light of the following factors: (1) supportability (the degree to which the medical source presents objective medical evidence and supporting explanations to support his or her opinions); (2) consistency (how consistent the opinion is with evidence from other medical and nonmedical sources); (3) relationship with the claimant (including the length, purpose, nature, and extent of the relationship, and the frequency of examinations); (4) specialization; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies." 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). The first two factors—supportability and consistency—"are the most important factors" to consider when determining the persuasiveness of a medical source's medical opinions, and the ALJ must "explain

---

[1] As Plaintiff acknowledges, because Plaintiff's application for benefits was filed in June 2019, the ALJ was required to evaluate the medical opinions in this case pursuant to the new rules set forth at 20 C.F.R. §§ 404.1520c and 416.920c. Under these rules, the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . including those from [Plaintiff's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

7

how [he or she] considered the supportability and consistency factors" in the decision. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may, but is "not required to," explain how he or she considered the remaining factors. *Id.*

On September 16, 2020, Dr. Sandra Hoffman completed an RFC Questionnaire stating that she saw Plaintiff every three to four months; that his diagnoses included ankylosing spondylitis, rheumatoid arthritis, and lumbar disc disease; and that he had joint pain, back pain, severe swelling in his hands, limited mobility, radiculopathy in his legs, and chronic fatigue. (Tr. 940). She noted that positive objective signs included reduced range of motion in his hands and knees, joint deformity, joint instability, reduced grip strength, reflex changes, abnormal posture, trigger points, swelling, muscle spasm, crepitus, and tenderness. (Tr. 940). She opined that his pain would constantly interfere with his attention and concentration and that his daily medication could alter his thought processes and cause sleepiness. (Tr. 940). She opined that he could sit for only thirty minutes before needing to get up; could sit for less than two hours in an eight-hour workday, and could stand for only ten minutes at a time. (Tr. 941). She opined that he could occasionally lift up to ten pounds but never more and could occasionally climb stairs but could never twist, stoop, crouch, or climb ladders. (Tr. 942). She stated that he had significant limitations with repetitive reaching, handling, or fingering, and could not use his hands/fingers/arms for any percentage of time in an eight-hour workday at a competitive job. (Tr. 942). She stated that he would be absent from work more than four days a month and that he was "fully disabled." (Tr. 942).

In evaluating Dr. Hoffman's September 2020 opinion, the ALJ stated:

> The record does not support a finding that the claimant can never stand or walk, or that his symptoms would "constantly" interfere with his attention and concentration, so the statements made by Dr. Hoffman in this regard are unpersuasive. The claimant denied any difficulty concentrating in his June 2019 Function Report (Exhibit 1E/7). As noted above, the claimant also denied any side effects from his medications. Dr. Hoffman stated that the claimant could sit for a

8

> half-hour at a time and stand for ten minutes at a time. Nothing persuasive exists in the record to indicate that he is limited to sitting no more than two hours during an eight-hour workday. She stated that the claimant could climb stairs occasionally. There is no persuasive support in the record for a finding that the claimant would miss more than four days per month from work. Her statement that the claimant is "fully disabled" is unpersuasive since the question as to whether an individual is disabled is reserved to the Commissioner of Social Security. While it is clear that the claimant is incapable of returning to heavy labor work, nothing convincing exists in the record to suggest that he is incapable of less demanding work. Aside from the claimant's subjective complaints, nothing convincing exists in the treatment notes to suggest that the claimant is incapable of performing a restricted range of sedentary work activity from a physical or mental health standpoint for the reasons detailed above. The limitations detailed in the residual functional capacity finding are sufficient to account for the claimant's verifiable symptoms and the vocational expert testified that there are jobs he is capable of performing at the sedentary exertional level, despite his impairments.

(Tr. 26).

Plaintiff argues that the ALJ failed to explain how the supportability and consistency factors were considered in evaluating Dr. Hoffman's opinion. Plaintiff also argues that the ALJ's evaluation of this opinion was conclusory, that the ALJ dismissed parts of the opinion with no rationale or explanation, and that the ALJ failed to discuss some parts of the opinion at all.

The Court agrees with Plaintiff and finds that the ALJ's evaluation of this opinion was insufficient under the relevant regulations. As discussed above, the regulations require the ALJ to "explain how [he or she] considered the supportability and consistency factors" in the decision. §§ 404.1520c(b)(2), 416.920c(b)(2). As to most of the statements in Dr. Hoffman's opinion,[2] including her opinion that Plaintiff can sit for only thirty minutes at a time and for no more than two hours in a workday, the ALJ provided no substantive explanation of the extent to which the

---

[2] The ALJ did explain how one statement in Dr. Hoffman's opinion was inconsistent with rest of the record: she found that Dr. Hoffman's statement that Plaintiff's "pain would constantly interfere with his attention and concentration and that his daily medication could alter his thought processes and cause sleepiness" was inconsistent with a June 2019 Function Report in which Plaintiff denied difficulty concentrating and with other records in which Plaintiff denied medication side effects.

ALJ found the opinions were supported by Dr. Hoffman's own findings or consistent with the record as a whole. Moreover, the record contains quite a bit of evidence that appears to support and/or to be consistent with Dr. Hoffman's opinions. For example, with regard to her opinion regarding Plaintiff's limited sitting ability, the record includes observations by clinicians other than Dr. Hoffman that Plaintiff was shifting in his chair due to pain during medical exams; frequent objective clinical findings by Dr. Hoffman and other providers of spasm, tenderness, stiffness, atrophy, and decreased range of motion in the lumbar spine area; lumbar X-rays showing straightening of the normal curvature and facet joint arthritis at L4-5 and L5-S1; an MRI showing a bulging disk at L4-L5 and other abnormalities; an MRI showing compression and deformity of the superior endplate of L3, moderate canal stenosis at L4-L5, and other abnormalities; and Plaintiff's regular treatment for severe low back pain with epidural steroid injections, narcotics, and other medications. In the absence of any substantive explanation by the ALJ, it is not clear whether the ALJ properly considered the supportability and consistency factors with regard to Dr. Hoffman's ability to sit for extended periods.

In addition, the ALJ did not discuss at all Dr. Hoffman's opinion that Plaintiff had significant limitations with repetitive reaching, handling, or fingering, nor did the ALJ explain whether that opinion was supported by Dr. Hoffman's own findings or consistent with the record as a whole. Again, the record contains a good deal of evidence that appears to support those opinions, including Dr. Hoffman's consistent findings of synovitis in Plaintiff's hands and wrists; findings by Dr. Hoffman and others of swelling, decreased range of motion, difficulty opening the hands, and decreased grip strength; and an X-ray showing erosive arthritis in Plaintiff's hands. The ALJ does not explain whether, or to what extent, Dr. Hoffman's opinions are supported by or consistent with this evidence.

The failure to explain how both the consistency and supportability factors were evaluated with respect to Dr. Hoffman's opinion constitutes legal error that may warrant remand. *See Bonnett v. Kijakazi*, 859 F. App'x 19, 20 (8th Cir. 2021) (finding remand required because "while the ALJ adequately evaluated the supportability of [the plaintiff's physician's] opinion, she did not address whether his opinion was consistent with the other evidence of record, as required by the applicable regulation."); *Berry v. Kijakazi*, No. 4:20-CV-890 RLW, 2021 WL 4459699, at *8 (E.D. Mo. Sept. 29, 2021) (finding legal error and remanding where the ALJ explained findings regarding consistency but not supportability in evaluating a medical opinion); *Starman v. Kijakazi*, No. 2:20-CV-00035-SRC, 2021 WL 4459729, at *5 (E.D. Mo. Sept. 29, 2021) ("Under recent Eighth Circuit caselaw, an ALJ's failure to address either the consistency or supportability factors in assessing the persuasiveness of a medical opinion requires reversal. Accordingly, the ALJ's failure to consider the supportability of [a doctor's] opinion warrants remand.") (internal citation omitted).

The Court also cannot conclude that the ALJ's error was harmless. The vocational expert testified that a limitation to 50% use of the hands for handling and fingering would eliminate the jobs identified by the vocational expert as well as all other sedentary jobs. (Tr. 66). Thus, if the ALJ had found Dr. Hoffman's opinion more persuasive, the ultimate disability determination might have been different.

For all of the above reasons, the Court will remand this case for further consideration of Dr. Hoffman's opinions consistent with the relevant regulations.

The Court has also considered the ALJ's analysis of the opinion of Dr. Bland. The Court notes that the ALJ did not discuss the "supportability" factor with regard to Dr. Bland's opinion, which—as discussed above—was legal error. The Court acknowledges the Commissioner's argument that under the specific circumstances of this case, that error might not be reversible. But

because the Court must remand the case for other reasons, the Court need not make that determination. On remand, the Court will direct the ALJ to reevaluate the opinion of Dr. Bland and to explain how she considered both the supportability and consistency factors in her analysis of that opinion.

Because the Court finds that remand is required for re-evaluation of the opinion evidence, the Court need not reach Plaintiff's remaining arguments. The ALJ's re-evaluation of the opinion evidence and the medical evidence related to that opinion evidence may affect both the ALJ's analysis of Plaintiff's complaints of pain and the ALJ's RFC determination. The Court notes that in evaluating Plaintiff's subjective complaints of pain, the ALJ should consider all of the several factors, including the claimant's daily activities; the duration, intensity, and frequency of the symptoms; precipitating and aggravating factors; the dosage, effectiveness, and side effects of medication; any functional restrictions; the claimant's work history; and the objective medical evidence. *See Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009) (citing *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008), & *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). *See also* SSR 16-3p, 2017 WL 5180304, at *7-*8; 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

## VI. CONCLUSION

For the reasons set forth above, the Court finds that the Court finds that this case must be reversed and remanded. Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **REVERSED** and that this case is **REMANDED** under 42 U.S.C. § 1383(c)(3) and Sentence Four of 42 U.S.C. § 405(g) for reconsideration and further proceedings consistent with this opinion.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of March, 2023.